**RECEIVED**

IN THE UNITED STATES DISTRICT COURT
FOR ILLINOIS, EASTERN DIVISION

OCT 17 2011
10-17-11
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JAMES S. KAPPEL
PLAINTIFF

VS.                           CASE NUMBER:

HOUSING AUTHORITY,
LORI VANDERLAAN,
ALLIE BURNET
DEFENDANTS

11CV7323
JUDGE KENDALL
MAG. JUDGE VALDEZ

**NATURE OF COMPLAINT**

**NOW COMES THE PLAINTIFF, JAMES S. KAPPEL, PRO-SE** in this matter. The Plaintiff, James S. Kappel, seeks monetary, and non- monetary (injunctive) relief against the Housing Authority for (of) Cook County, Lori vanderlaan, and Allie Burnet. The Plaintiff, James S. Kappel, seeks monetary relief for the amount of $75,000 for damages caused by the Defendants' Housing Authority, et. Al. for engaging in discrimination, and relation which is prohibited under the Americans with Disabilities Act, defamation, which resulted in the Plaintiff, James S. Kappel, becoming hospitalized. The Plaintiff, James S. Kappel, seeks non-monetary relief (injunctive relief), against the Defendants, Housing Authority of Cook County, in the form of one the court securing the Plaintiff, James S. kappel, section 8 voucher upon completion of the current contractual agreements, and the transfer to another Housing authority administration, a court order investigation into the treatment of disabled persons by the Housing Authority, the full transfer of the plaintiff, James S. kappel, section 8 voucher into the control of the Housing Authority of Cook county from the McHenry County Housing Authority and the banning of communications between the Housing Authority of Cook County, and McHenry County Housing Authority, in relationship to the Plaintiff, James S. kappel, the Plaintiff, James S. kappel, seeks non-monetary relief ( Injunctive relief), against the Defendants, Lori Vanderlaan, Allie Burnet, in whatever the court deems appropriate for J.S.K., and the banning of any contact between Lori vanderlaan, Allie Burnet, which maybe available through the federal courts. In support of this complaint, the Plaintiff, James S. Kappel, states that the following to be true.

1. I, James S. kappel, henceforth to be known as the Plaintiff in this matter.
2. The Plaintiff, James S. kappel, at all times relevant to this complaint resided within the jurisdiction of the United States District Court for Illinois, Eastern Division.
3. The defendants, Housing Authority of Cook County, Lori vanderlaan, and Allie Burnet, at all times relevant to this complaint, either resided with the United States district Court for Illinois, eastern Division, and or all involved actions which took-place with said jurisdiction.
4. The Plaintiff, James S. Kappel, states that funding for the section 8 voucher in question is derived from the United States Housing And Urban Development, and gives raise to Jurisdiction within the United States District Court of Illinois, Eastern division.

5. The Plaintiff, James S. Kappel, is a legally covered entity under the Americans with Disabilities Act. Which give raise to the jurisdiction?
6. The Defendant, Allie Burnet, deliberately, knowing and willfully violated the Privacy act, which she engaged in communications with psychiatrist, without the permission of the Plaintiff, which gives raise to jurisdiction.
7. The Defendants, Housing Authority of Cook County, Lori Vanderlaan, Allie Burnet, were well aware of the Plaintiff, James S. Kappel, being a covered entity under the Americans with Disablites Act, along with the exact nature of the plaintiff's disability.
8. The Defendants, Lori Vanderlaan, And Allie Burnet, prior to December 2010, had no known relationship to the defendant, Housing authority of Cook County.
9. The Defendants, Lori Vanderlaan, Allie Burnet, came into relationship with the Defendant, Housing authority of Cook County, due to their relationship with the McHenry County Housing Authority, which controlled the purse strings for the Section 8 voucher.
10. The Plaintiff, James S. kappel, states that the defendants, Housing Authority of Cook County, Lori vanderlaan, Allie Burnet, began engaging in active retalion against the Plaintiff, James S. kappel, in the late may/ June of 2011, due to the plaintiff, James S. Kappel, filing of complaints in the courts, with the Housing and Urban development, United states department of Justice, Civil rights division, Attorney Registration and Disciplinary commission in relationship to his abuses related to his disability.
11. The Defendant, Housing authority of Cook county, began engaging in relatation, against the Plaintiff, James S. Kappel, which include the refusal to pay their portion of the tri-party rental agreement with a Michael Tresch, and the refusal to sent the Plaintiff, James S. kappel, re-certification papers for the calendar year September 2011 to September 2012.
12. The Defendants, Lori Vanderlaan, and Aliie Burnet, have on several occasions, stated that their number one priority was to remove the Plaintiff, James S. kappel, and have referred to the plaintiff, as being mentally retard as the reason for refusing to negotiate with the Plaintiff.
13. The Plaintiff, James S. Kappel, states that in the case of one of the status hearings, for a matter involving the McHenry County Housing authority, in the federal court, a witness was present, when the Defendant, allie Burnet, did this, her name is Patricia Hippert.
14. The Defendants, in June 2011, after being served with court papers did pay their proportion of the rental agreement with Michal tresch, as of today's date the Plaintiff, James S. kappel, has still not received the recertification papers yet.
15. The Defendants, Lori Vanderlaan, and Allie Burnet, began using defamation against the Plaintiff, James S. kappel, as a means of removing him from the section 8 program, and so that harm would come to him.
16. The Defendants, Lori Vanderlaan, Allie Burnet, began accusing the Plaintiff, James S. kappel, of wanting to shoot, and kill judges, and themselves. This started in the middle of August 2011.
17. The defendants, Lori Vanderllan, Allie Burnet, did this do judges, both known, Sheryl Pether, and unknown.
18. The Defendants. Lori Vanderlaan, and Allie Burnet, did this to law enforcement personal, a couple of attorneys, a Dennis Trainor, and a Kathleen Callahan, and to a doctor employed with Saint Mary's medical Center.

19. The defendants, Lori Vanderlaan, and Allie Burnet, actions could have easily resulted in the death of the Plaintiff.
20. The defendants, Lori vanderlaan, and Allie Burnet, actions which were deliberate and for the express purpose of damaging the plaintiff's reputation in the courts so as to prevent the plaintiff's ability to seek redress for grievances against the defendants.
21. The Plaintiff, James S. kappel, states that the actions of the defendant, Lori Vanderlaan, and Allie Burnet, though they were unable to get the Plaintiff, James S. kappel, being arrested or killed, it did result in the plaintiff, becoming hospitalized.
22. The Plaintiff, James S. Kappel, states that at times relevant to this complaint were employed as subcontracted agents of the defendant, Housing authority of Cook County.
23. The Plaintiff, James S. kappel, states that while in the hospital he was informed by the doctor that he had direct communications with defendant, Allie Burnet, despite the fact that the Plaintiff, James S. kappel, did not sign a release to do so.
24. The Plaintiff, James S. kappel, seeks monetary damages against the defendants, Housing Authority, Loir vanderlaan, under the Americans with Disabilities Act, 42 U.S.C. Including the anti-retaliation provisions, `12202, along with defamation, and slander, in relationship to the plaintiff's being hospitalized, causing further damage to the plaintiff's disability. Emotional distress.
25. The Plaintiff, James S. kappel, also seeks non-monetary relief from the court in the removal of the section 8 voucher from the position of the Housing Authority of Cook County upon conclusion of all contractual agreements. The court order review of the treatment of disabled persons by the Housing Authority of Cook County, and whatever nonmonetary relief is available from the court against the defendants, Lori Vanderlaan, and Allie Burnet.

**WHEREFORE THE PLAINTIFF, JAMES S. KAPPEL, PRO-SE** respectfully demands that this matter be placed before a jury.

**REPECTFULLY SUBMITTED**

*[signature]*

**JAMES S. KAPPEL**
PRO=SE
4611 WEST 95TH STREET
APARTMENT 2- N
OAK LAWN, ILLINOIS 60453

26. -