THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES S. KAPPEL,

        Plaintiff,

v.

HOUSING AUTHORITY, LORI VANDERLAAN,
ALLIE BURNET,

        Defendants.

Case No. 11 C 7323

Judge Virginia M. Kendall

## MEMORANDUM OPINION AND ORDER

Plaintiff James Kappel ("Kappel") moves the Court to proceed *in forma pauperis* and for the appointment of counsel without the full prepayment of filing fees. For the reasons stated below, the Court denies Kappel's motions as moot and dismisses Kappel's action entirely. Kappel seeks monetary and injunctive relief for certain acts which he claims violate the Americans with Disabilities Act ("ADA"), and for defamation. Kappel is also seeking injunctive relief in the form of Section 8 housing, a "transfer to another Housing authority administration," an investigation into the treatment of disabled persons by the Housing Authority, the banning of communications about him between the Housing Authority of Cook County and McHenry County Housing Authority, as well as the banning of any contact between the individual defendants.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Kappel to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Kappel need not be penniless in order to

1

proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See id*. According to his financial affidavit, Kappel is unemployed and has some undisclosed disability. Kappel's only source of income is $644 per month in Social Security and disability benefits. Kappel lives alone, owns no financial instruments, automobile, real estate or other property. Based on these facts, Kappel's financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Kappel's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). In addressing any *pro se* litigant's complaint, the court must construe the complaint liberally. *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006). However, *pro se* litigants remain bound by the same Federal Rules of Civil Procedure as any other litigant. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 8(d), "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The primary purpose of [Rule 8] is rooted in fair notice: Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged

2

and if so what it is." *Vicom, Inc. v. Harbridge Merch. Servs.*, Inc., 20 F.3d 771, 775 (7th Cir. 1994) (quotation marks omitted). Rule 10(b) states: "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). In addition to complying with the foregoing rules, the complaint must comply with the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). Under *Twombly*, the allegations within a complaint must describe the claim with sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court. *E.E.O.C. v. Concentra Health Servs.*, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

First, Kappel's complaint does not contain a short and plain statement of any claim nor is each averment by any means simple, concise and direct. Instead, it is a recitation of events without chronological order and loosely anchored to "late may/ June of 2011, due to the plaintiff, James S. Kappel, filing of complaints in the courts, with the Housing and Urban development, United states department of Justice, Civil Rights division, Attorney Registration and Disciplinary commission in relationship to his abuses related to his disability." Doc. 1, Kappel's Complaint, ¶10 ([*sic*] throughout). The only other date that appears in the complaint is August 2011, which is when Kappel alleges that the "Defendants, Lori Vanderlaan, Allie Burnet, began accusing the Plaintiff, James S. kappel, of wanting to shoot, and kill judges, and themselves," which Kappel claims constituted defamation. (Doc. 1, ¶16) ([*sic*] throughout). There are no counts separating the

3

claims by statute or constitutional provision allegedly violated by the Defendants, aside from the Americans with Disabilities Act, and even that claim is not defined because he fails to identify his disability or to set forth facts between himself and defendants which would give rise to the Defendants' obligations under the Act. This leaves the Court and Defendants to discern for themselves which allegations might constitute a violations of law.

A complaint is subject to dismissal without prejudice when the complaint fails to provide notice to a party of the claim or is otherwise "unintelligible." *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005) ("Fidelity's 52-page complaint with its 177 numbered paragraphs is sprawling, confusing, redundant—in short a mess. And a district judge has the authority to dismiss a complaint because it is confusing. . . ."). The Court could speculate that he is currently alleging a claim for discrimination under the ADA, yet that speculation is not supported by facts. The Court might also speculate that he is attempting to state a claim for retaliation presumed by the Court to be under the Fair Housing Act, as well as violation of privacy presumed by the Court to be under either the Health Insurance Portability and Accountability Act ("HIPAA") or the federal Privacy Act. Yet, courts are not required to speculate as to which statutory violations a plaintiff alleges. This complaint fails to provide sufficient notice to the Defendants of the charges against them and therefore must be dismissed. Normally, under such circumstances, the Court would grant a plaintiff leave to file an amended complaint. However, based on a review of the other pending cases filed by this plaintiff in this jurisdiction, it is clear that this current case is based on substantially similar facts presented in those cases

4

which have been dismissed by other courts within this district. As such, the Court dismisses this case with prejudice, for the following reasons.

**A. Failure to State a Claim**

Beginning with Kappel's claim that the Court speculates is either under HIPAA or the federal Privacy Act, he alleges that "Burnet, deliberately, knowing and willfully violated the Privacy act, which she engaged in communications with psychiatrist, without the permission of the Plaintiff, which gives raise to jurisdiction." Doc. 1, ¶6 ([*sic*] throughout). Kappel states that Lori Vanderlaan ("Vanderlaan") and Allie Burnet ("Burnet") "came into relationship with the Defendant, Housing Authority of Cook County, due to their relationship with the McHenry County Housing Authority, which controls the purse strings for the Section 8 voucher"; that is, individual Defendants Vanderlaan and Burnet are attorneys who represented the Defendant McHenry County Housing Authority ("MCHA") in litigation proceedings that Kappel previously commenced, more *supra*. (Doc. 1, ¶9 ([*sic*] throughout). However, Kappel has failed to state a claim under which relief can be granted, because HIPAA does not create a private cause of action. 45 CFR 164.502; *Doe v. Bd. of Trs. of Univ. of Ill.*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006) (noting that "[e]very court to have considered the issue . . . has concluded that HIPAA does not authorize a private right of action."); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (holding that "there is no private cause of action under HIPAA"). Further, if Kappel's claim were under the federal Privacy Act, it would also fail, because the key element under the Privacy Act is disclosure by an agency

5

rather than an individual such as Burnet.[1]  5 U.S.C. § 552a; *see Krueger v. Mansfield*, 2008 U.S. Dist. LEXIS 42880 (N.D. Ill. May 30, 2008) (granting government's motion for summary judgment because the alleged disclosure of medical information by individuals and emergency room doctors does not meet the statutory requirement of "agency disclosure").

Turning to Kappel's claim for defamation and slander, Kappel claims that Vanderlaan and Burnet "began accusing the Plaintiff, James S. kappel, of wanting to shoot, and kill judges, and themselves," which they "did" to "judges, both known, Sheryl Pether, and unknown" and "law enforcement personal, a couple of attorneys, a Dennis Trainor, and a Kathleen Callahan, and to a doctor employed with Saint Mary's medical Center."[2]  (Doc. 1 , ¶16-18) ([*sic*] throughout).  Kappel explains that their actions were "deliberate and for the express purpose of damaging the plaintiff's reputation in the courts so as to prevent the plaintiff's ability to seek redress for grievances against the defendants." (Doc. 1, ¶20) ([*sic*] throughout).  Based on these statements that Kappel attributes

---

[1] The Court interprets Kappel's statement in the present Complaint—"which she engaged in communications with psychiatrist"—to indicate that Kappel takes offense with statements that Burnet made to a psychiatrist, rather than what a psychiatrist may have communicated to Burnet.  The Court does so by taking judicial notice of Kappel's claim pending before the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois, Eastern Division. *See Kappel v. Resurrection Health Care et al.*, ("*Kappel III*"), 11-CV-06969, Doc. 1.  In *Kappel III*, Kappel is suing Resurrection Health Care, Saint Mary's Medical Center and Doctor Michael Reinstein for engaging in a conspiracy with Vanderlaan, Burnet, MCHA and the Housing Authority of Cook County when he was involuntarily committed.  *Id.*  Kappel pleads in *Kappel III* that the doctors who prolonged his involuntary commitment to seven days had communicated with "a representative from the Housing Authority of Cook County, and that this person was an allie Burnet" and that "in the medical records from the Defendants, resurrection Health Care, et. Al., these records are almost verbatim, exactly what Allie Burnet, has stated in the past, and accused me of." *Id.* at ¶ 31, 34.

[2] The Court takes judicial notice of Judge Sheryl A. Pethers of the Circuit Court of Cook County, Judicial Subcircuit No. 8.

6

to attorneys Vanderlaan and Burnet, the Court need not decide whether the statements are true, partially true, true by inference, or completely false, because there is an absolute privilege to defamation when statements are made in the course of litigation. *See Lewis v. School Dist. # 70*, 523 F.3d 730, 745 (7th Cir. 2008). Consequently, the Court dismisses with prejudice Kappel's claims for defamation, slander and violation of privacy under either HIPAA or the federal Privacy Act.

### B. Frivolity

Turning next to Kappel's claim under the ADA and the Fair Housing Act, the Court finds his claim to be based on substantially the same facts as those in his previous claim before the Judge Philip G. Reinhard of the District Court for the Northern District of Illinois, Western Division, 09-CV-50195. In that case, *Kappel v. McHenry County Housing Authority*, ("*Kappel I*"), the Defendant MCHA was represented by counsel who now appear as the individual Defendants in the case pending before this court, specifically, Vanderlaan and Burnet. Kappel filed *Kappel I* on September 4th, 2009 and 133 docket entries later, moved to dismiss the case to pursue it in the Circuit Court of Cook County. Judge Reinhard dismissed Kappel's case with prejudice, explaining that Kappel's "actions have done nothing to move any of his claims toward resolution and have imposed excessive cost and time burdens on the court, defendant and its various attorneys." *Kappel I*, Doc. 133; *see also* Fed. R. Civ. P. 41 (a)(2). When Kappel moved for dismissal in *Kappel I*, he had the following motions pending: 1) motion for sanctions under Rule 11; 2) motion to strike MCHA's motion for sanctions; 3) motion for a continuance; 4) motion for a rule to show cause; 5) motion to require recusal of the magistrate judge; and 6) MCHA's motion for sanctions and to impose a filing

7

restriction. Furthermore, at the time, he had already filed: 1) an action against MCHA, its insurer, its private counsel, Vanderlaan and her law firm, before the Judge Rebecca R. Pallmeyer of the District Court for the Northern District of Illinois, Eastern Division, *Kappel vs. John Doe, et al.* ("*Kappel II*"), 11-CV-01685; 2) an action against MCHA, its insurer, Vanderlaan, her law firm, and the Housing Authority of Cook County, in the Circuit Court of Cook County, 11 L 5285; 3) an action against several of his medical providers alleging refusal to tender his medical records subpoenaed in this matter in the Circuit Court of Cook County, 11 M5 649; and 4) an action against the Housing Authority of Cook County in which he also named MCHA, its private counsel, Vanderlaan and her law firm, in the Circuit Court of Cook County, 10 M1 18803.

The Court finds that in both *Kappel I* and the present case, Kappel alleges that the Housing Authority violated his rights under the ADA based on his (undisclosed) disability; in each, he seeks injunctive relief in the form of Section 8 housing and other assistance with securing housing; an investigation of the treatment of disabled persons by the Housing Authority; and monetary relief for pain and suffering or emotional distress. The Court concludes that Judge Reinhard's ruling constituted a final decision on operative facts that are substantially similar to Kappel's present claim against the same litigants. *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851-52 (7th Cir. 2009) ("Claim preclusion under federal law has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants (directly or through privity of interest).") (internal citations omitted); *see Highway J Citizens Group v. U.S. Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (stating "*res judicata* bars

not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action"). Furthermore, Kappel has claims pending against these Defendants in a smorgasbord of litigation proceedings in state court. *See Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. Ill. 1995) ("A federal judge confronted with duplicative litigation need not barge ahead on the off-chance of beating the state court to a conclusion."). Consequently, the Court rules that Kappel's claims under the ADA and the Federal Housing Act are barred by *res judicata* and dismisses his claim with prejudice.

Furthermore, the Court can dismiss *sua sponte* so as to spare prospective defendants the expense of answering such complaints. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d 338 (1989). As the Supreme Court stated in *Neitzke*, Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Id.* at 1832-33; s*ee Trentz v. Illinois Supreme Court*, 1993 U.S. Dist. LEXIS 13472, 3-4 (N.D. Ill. Sept. 15, 1993). To prevent further expense and injustice to the defendants in the present case, as well as to the Northern District of Illinois, the Court dismisses with prejudice Kappel's claims under the ADA and the Fair Housing Act.

B. **Maliciousness**

Alternatively, the court finds Kappel's action subject to dismissal as malicious. The test for maliciousness requires the Court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915). Good faith may be found lacking when a plaintiff attempts to abuse the judicial process by filing a complaint that merely repeats claims already

decided in prior cases. *See Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986). Malice or lack of good faith can also be inferred from a complaint containing false statements made with intent to deceive the court. *See Garland v. O'Grady*, 1988 U.S. Dist. LEXIS 12370 (N.D. Ill. Nov. 2, 1988). Not only is Kappel engaged in duplicative litigation, but he made a false statement to the Court in his motion for appointment in counsel. He declared that he is "not currently, nor previously ha[s] been, represented by an attorney appointed by the Court in this or any other civil or criminal proceeding before this Court." (Doc. 5). However, his extensive litigation history before the Northern District of Illinois betrays him. *See Kappel I*, Doc. 133 ("The court appointed a series of counsels for plaintiff.").

Therefore, Kappel's case is dismissed, and his motions to proceed *in forma pauperis* and for the appointment of counsel are denied as moot. His motion for clarification is also denied as moot.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: November 7, 2011